UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

NOVA SOUTHEASTERN UNIVERSITY, INC.,

    Plaintiff,

vs

FREEPLAY MUSIC, LLC

    Defendant

_____/

**COMPLAINT FOR DECLARATORY JUDGMENT**

    Plaintiff, Nova Southeastern University, Inc. ("NSU"), by and though its undersigned counsel, files this declaratory judgment action and action for violation of the Lanham Act against Defendant, Freeplay Music, LLC ("Freeplay Music") as follows:

**NATURE OF THE ACTION**

    1.    This is an action against Freeplay Music seeking a declaratory judgment that Freeplay Music's claims of copyright infringement against NSU for the use of certain musical works in videos posted on the websites YouTube and Facebook are barred under the statute of limitations, 17 U.S.C. § 507, or that the use of the works is with implied consent and does not constitute copyright infringement at all under 17 U.S.C. § 101 *et seq*.

    2.    This is also an action under 15 U.S.C. §§ 1051 et seq. for a violation of Section 1125(a) for false advertising that the music Freeplay Music offered through its website was free.

    3.    This case arises out of litigation threats made by Freeplay Music against NSU for statutory damages for copyright infringement resulting from NSU's use of songs

1

downloaded from Freeplay Music some 15 years ago upon the belief that the music was free to use on social media.

## PARTIES

4.      NSU is a corporation organized under the laws of Florida with a principal place of business at 300 S. University Drive, Fort Lauderdale, FL 33328.

5.      Upon information and belief, Freeplay Music is a Delaware limited liability company with its principal place of business at 1650 Broadway, Suite 1108, New York, New York, 10019.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1338 (civil actions relating to copyright), and 2201 (Declaratory Judgment).

7.      Defendant is subject to specific personal jurisdiction of this Court in this Judicial District.  Defendant operates or carries on business in this state through its storefront website advertising and offering downloads of allegedly free music to consumers in this state for use in social media.  The freeplaymusic.com website contains false or misleading descriptions of fact resulting in tortious activity harming the residents of Florida.  The false advertising in violation of 15 U.S.C. 1125(a) on Freeplay Music's internet website causes injury and occurs in Florida by virtue of the website's accessibility in Florida.  Freeplay Music offers its music download services into the Southern District of Florida, and upon information and belief, derives or demands revenue for services rendered in the Southern District of Florida. Freeplay Music's actions caused harm to NSU in this state and judicial district.

8. Additionally, Freeplay Music sent a copyright infringement demand letter into the state and engaged in extended negotiations with NSU in this state. The demand letter Freeplay Music sent to NSU is in furtherance of Freeplay Music's deceptive business model of extorting statutory damages for alleged copyright violations after years of inaction. The demand letter is part of Freeplay Music's tortious scheme.

9. Further, sufficient minimum contacts exist to satisfy the Due Process Clause. Freeplay Music purposefully directed its music download website at residents of Florida, falsely offering "free music" and years later, without any indication of any royalties or other payment due, demanded statutory damages for copyright infringement in an exorbitant amount. This is a business model of Freeplay Music and this litigation relates to those activities. The tortious activities caused injury in Florida.

10. Venue lies within this Court pursuant to 28 U.S.C. § 1391(b)(2) and (3) in that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of Florida.

**FACTS**

11. NSU is a nationally and regionally accredited, non-profit educational institution, which offers undergraduate, graduate and professional degree programs. The NSU athletics department offers a variety of sports.

12. The NSU athletics department sometimes creates videos for NSU's "Sharks United Television News Report" which is published on YouTube and/or Facebook. The nature of the videos include student news presentations and/or highlights from sports games/matches.

13. Upon information and belief, in or around 2010, the athletics department created nine such videos, eight of which were uploaded to YouTube and one of which was uploaded to

Facebook. Upon information and belief, the video uploads all occurred in 2010.

14. Upon information and belief, the videos included songs which were downloaded from Freeplay Music's website https://freeplaymusic.com/.

15. Upon information and belief, Freeplay Music is an on-line music publisher that allegedly holds the registered copyrights to thousands of sound recordings and underlying musical compositions and offers these copyrighted works to consumers at https://freeplaymusic.com/ for consumer's download and use in media content.

16. On July 23, 2025, Freeplay Music issued a copyright infringement demand letter ("the Demand Letter") to NSU for infringement based on the videos the athletics department uploaded in 2010. Exhibit 1.

17. Upon information and belief, at no time over the past 15 years did Freeplay Music request money for a license fee or royalties due. The music was advertised to be free for use and appeared to be free for use until the date of the Demand Letter. Freeplay Music now seeks statutory damages for infringement.

**Freeplay Music's Business Model**

18. Freeplay Music provides downloadable online media content to consumers through its website https://freeplaymusic.com/.

19. Freeplay Music's name says it all: FREE PLAY MUSIC. The name alone suggests that the downloaded music is available for free. The very name is deceptive.

20. Freeplay Music's advertising does nothing to dispel that notion. The words "free" "play" appear in numerous locations on the website.

21. As seen below, Freeplay Music's current advertisement boasts "songs free for YouTube and more."

4



22. Freeplay Music solicits consumers to download its music claiming the use of such music is "free" for use on YouTube and other social media.

23. Upon information and belief, Freeplay Music has engaged in such advertising since at least 2010.

24. Upon information and belief, a Google search for free music in 2016 (around the time of the infringement) yielded the following results:



5

25. Freeplay Music employed the same message "FREE MUSIC FOR YOUTUBE AND MORE" (highlighted above) in 2016.

26. Upon information and belief, since its inception, Freeplay Music does not require any fees from the end user at the time of download.  There is nothing on the https://freeplaymusic.com/ storefront to alert the user that a license fee is presently due or royalties will be due in the future.

27. Upon information and belief, Freeplay Music embeds digital identification codes in each musical recording in its library.

28. Upon information and belief, the embedded digital code is received by the "bots" of a related entity, TuneSat, which monitors the web for use of the downloaded songs. TuneSat records information about use of the recordings, including dates and the origin of transmissions.

29. Upon information and belief, TuneSat then generates usage reports that it provides or otherwise makes available to Freeplay Music.

30. Freeplay Music's business model is outlined in two published patent applications. Cover page of each attached as Composite Exhibit 2a and 2b, respectively.

31. Upon information and belief, Freeplay Music does not send a royalty report to the end user at the end of the first year, or sometimes after many years.

32. Freeplay Music eventually contacts the consumer and demands, not a license fee or past due royalties, but statutory damages for the allegedly unauthorized use of copyrighted material.

33. Upon information and belief, Freeplay Music and TuneSat were co-founded by Scott Schreer and both are located on the same floor at 1650 Broadway, New York NY 10019.

Freeplay Music and TuneSat are related entities. They work together to exploit Freeplay Music's business model.

34. Upon information and belief, the purpose of TuneSat is monitoring the internet for use of the songs, recording time, dates, duration, and origin of use, and reporting to Freeplay Music or otherwise making the data available to Freeplay Music.

35. Upon information and belief, Freeplay Music generates a significant portion of its revenue through its aggressive "fee" demands, coupled with threats of copyright infringement litigation.

36. Consumers, who innocently downloaded and used the "free" music for YouTube are pressured into paying Freeplay Music far more than a legitimate license would have cost at the outset.

37. Since its inception in 2001, Freeplay Music has asserted copyright infringement claims in at least 63 lawsuits.

**NSU's Use of "Free Music" and The Dispute**

38. At some time approximately 15 years ago, the athletic department of NSU was lured into downloading songs from the Freeplay Music website to accompany videos it made for NSU's Sharks United Television News Report, which were uploaded to YouTube and Facebook.

39. Upon information and belief, the individuals involved believed that the music available for download from Freeplay Music was "FREE FOR YOUTUBE" as advertised.

40. If videos uploaded to YouTube or Facebook are not deleted by the creator, the posts will remain long after they are forgotten. NSU's posted videos were available continuously.

41. On July 23, 2025, Freeplay Music, through its counsel, sent the Demand Letter to NSU advising that it identified unauthorized use of eight copyrighted songs in nine different videos available on YouTube and (one) on Facebook. (*See* attachment to Exhibit 1) The Facebook post used the same song as one of the YouTube videos.

42. Upon information and belief, Freeplay Music never contacted NSU for a license fee or royalties at any time over the past 15 years. The first contact was the Demand Letter in 2025.

43. In the Demand Letter, Freeplay Music threatened NSU that "Nova is potentially liable for $300,000.00 in damages for each song used without authorization." Freeplay Music advised that it owns the copyright to the sound recording and composition for each work and that each of these elements are separately copyrightable increasing the claimed works to sixteen. Freeplay Music claimed that NSU's potential liability is $2,700,000.00.

44. Freeplay Music indicated that absent proof of a relevant license, or a "reasonable settlement agreement," Freeplay Music will "have no choice but to initiate litigation against Nova…."

45. From the report attached to the Demand Letter ("the Report"), TuneSat reports discovering one YouTube video on October 19, 2018, six accused YouTube videos on April 21, 2021, and one more YouTube video on November 11, 2021. Finally, the Report indicates that a Facebook video, using the same song as the first discovered video, was discovered on November 25, 2021.

46. The dates above are from the Report that Freeplay Music chose to share. Upon information and belief, these are the most recent findings by TuneSat rather than the first

discovery dates. TuneSat's job as the monitoring and reporting entity for Freeplay Music is to log when the digital fingerprint from each song is transmitted.

47. Upon information and belief, all 9 YouTube and Facebook videos were posted by the athletic department in around 2010. The videos remained on YouTube until the Demand Letter arrived. 2010 is the date that each alleged infringed infringement first occurred and the injury accrued.

48. For copyright infringement matters, the Statute of Limitations accrues on the date the injury first occurred. 17 U.S.C. § 507(b) provides the copyright holder 3 years from the accrual date to take action.

49. Alternatively, for copyright ownership matters, the Statute of Limitations starts on the date the copyright holder discovers, or with due diligence should have discovered, the infringement. Although this instant case is an infringement matter, the Statute of Limitations is calculated and pled in the alternative in this Complaint (*See Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366, 371 (2024) which incorporated an assumption, without deciding, and based an infringement statute of limitations determination on of the discovery rule).

50. Freeplay Music admits that TuneSat discovered the alleged YouTube infringements prior to July 23, 2022 (three years prior to the Freeplay Music's Demand Letter).

51. Freeplay Music knew or should have known of the infringement at least at early as the discovery dates reported in the TuneSat Report attached to the Demand Letter. This is the business model of Freeplay Music. The TuneSat Report indicates discovery in 2018 and 2021, respectively.

52. NSU removed the videos promptly upon notice from Freeplay Music and commenced negotiations with Freeplay Music for a "reasonable settlement." These negotiations have lasted two months and failed to result in a reasonable settlement amount.

53. Freeplay Music continues to demand an exorbitant amount of money instead of a reasonable settlement amount and the negotiations are stalling. Given Freeplay Music's threat that NSU settle or be sued, and Freeplay Music's history of copyright litigation, there is a substantial controversy between the parties having adverse legal interest and given the stalled negotiations, there is sufficient immediacy and reality to warrant the issuance of a declaratory judgment. NSU has a reasonable apprehension of litigation.

## COUNT I
### Declaratory Judgment That Freeplay Music's Claims Are Barred By The Statute Of Limitations

54. NSU re-alleges herein by reference each and every allegation contained in Paragraphs 1-53 of this Complaint as though full set forth herein.

55. There is an actual and justiciable controversy between NSU and Freeplay Music. Freeplay Music has threatened litigation against NSU based on its claims that NSU has infringed copyrighted works owned by Freeplay Music and, given Freeplay Music's history of litigation, NSU has a reasonable apprehension of suit as set forth above.

56. NSU denies Freeplay Music's claims of copyright infringement of eight songs (allegedly sixteen works) in nine identified instances because the claims are barred under 17 U.S.C. § 507(b).

57. Under 17 U.S.C. § 507(b), "[n]o action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."

58. Upon information and belief, the accused videos were published in 2010 on YouTube and Facebook. That is the date of the injury: 2010. This is the date of accrual for the Statute of Limitations in infringement matters.

59. Alternatively, Freeplay Music admits that TuneSat discovered the videos at least as early as 2018 and in 2021. These would be the dates of accrual under the discovery inquiry, which applies to copyright ownership disputes.

60. Freeplay Music claims that it only recently received the Report attached to the Demand Letter, bringing the discovery date within the Statute of Limitations.

61. Upon information and belief, Freeplay Music is a company in the business of licensing and monetizing its copyrighted works in concert with its agent TuneSat by utilizing sophisticated technology to monitor uses of its copyrighted works on the Internet. (*See* Exhibit 2)

62. Upon information and belief, the TuneSat Report or the statistics from TuneSat's monitoring efforts was available to Freeplay Music at the time it was discovered had Freeplay Music acted with diligence. Freeplay Music should have discovered the alleged infringements years ago.

63. Upon information and belief, Freeplay Music has extensive experience with copyright law and enforcement, including the filing of over 60 copyright infringement lawsuits over the last decades on the similar utilization of TuneSat's copyright monitoring technology.

64. Upon information and belief, Freeplay Music first discovered, or with due diligence <u>should have discovered</u>, the accused Videos and alleged infringement more than three (3) years prior to its Demand Letter dated July 23, 2025. The discovery by the agent TuneSat should be imputed to Freeplay Music.

65. Freeplay Music's claims are therefore barred under 17 U.S.C. § 507(b).

66. NSU is entitled to a declaratory judgment that Freeplay Music is entitled to no damages for any of its claims of infringement of the Copyrighted works because the gravamen of this case is infringement, not ownership, and the incident of injury rule applies. The injury occurred when the videos were posted in 2010. The injury was ongoing; there were no discrete acts of re-publishing the videos to create new violations. The statute of limitations started to run in 2010, some 15 years before the instant action.

67. Alternatively, NSU is entitled to a declaratory judgment that Freeplay Music is entitled to no damages for its claims of infringement of the Copyrighted works, under the discovery method of accrual, because the infringements were discovered by Freeplay Music's agent TuneSat more than 3 years before the date of the demand letter.

68. NSU is entitled to attorney's fees and costs because Freeplay Music asserted alleged copyright infringement claims that are clearly outside the Statute of Limitations in bad faith.

**COUNT II**
**Declaratory Judgment for Non-Infringement of Copyright**

69. NSU re-alleges herein by reference each and every allegation contained in Paragraphs 1-53 of this Complaint as though full set forth herein.

70. There is an actual and justiciable controversy between NSU and Freeplay Music concerning whether the NSU videos constitute copyright infringement given the misleading advertisements for license-free use of the songs back in 2010. NSU was unaware of any license or royalty requirements and reasonably believed it had authorization to use the works for free upon download.

71. Freeplay Music has threatened litigation against NSU based on its claims that NSU has infringed copyrighted works owned by Freeplay Music and, given Freeplay Music's history of litigation, NSU has a reasonable apprehension of suit as outlined above.

72. NSU is entitled to a declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any copyrighted work owned by Freeplay Music relating to any media downloaded from Freeplay Music's website.

73. NSU is further entitled to a declaratory judgment that Freeplay Music's deceptive conduct, discussed above, prohibits copyright enforcement by Freeplay Music against NSU.

## COUNT III
## False Advertising in Violation of 15 USC § 1125

74. NSU re-alleges herein by reference each and every allegation contained in Paragraphs 1-53 of this Complaint as though full set forth herein.

75. The name FREE PLAY MUSIC is misleading as to the nature, characteristics, qualities of its music download services. This is not dispelled on the website at https://freeplaymusic.com/.

76. Freeplay Music's storefront website advertising "OVER 50,000 SONGS FREE FOR YouTube AND MORE" and its historic advertising of free songs in connection with its service of offering songs for download and use, is a false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities of its services in violation of 1125(a)(1)(B).

77. Freeplay Music's name and advertisements are and were a false or misleading description of fact that the downloaded music was free to use which misrepresented the nature, characteristics, or qualities of the Freeplay Music service, which scanned the internet for

transmissions of the music and years later demanded, not overdue royalties, but statutory damages for copyright infringement.

78. The advertisements for "free music" deceived or had the capacity to deceive consumers.

79. Upon information and belief, the deception had a material impact on NSU's decision to download the music from Freeplay Music.

80. The misrepresented music download service of Freeplay Music affects interstate commerce, including customers in Florida.

81. Freeplay Music's false advertising activity has been conducted knowingly and willfully with the intent to deceive consumers and subsequently threaten consumers into paying inflated "license fees" as statutory copyright damages.

82. NSU was injured by Freeplay Music's false or misleading description of fact because it relied on the representation and downloaded the allegedly free music and now Freeplay Music is demanding damages for copyright infringement.

83. NSU has been damaged by Freeplay Music's false advertising. NSU is entitled to monetary relief to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff NSU respectfully prays for the entry of judgment in its favor against Defendant Freeplay Music as follows:

a. A declaration that Freeplay Music's claims of copyright infringement against NSU are barred by 17 U.S.C. § 507(b);

b. A declaration that NSU's conduct did not constitute copyright infringement;

c. A declaration that Freeplay Music is not entitled to any damages for its claims of

copyright infringement against NSU;

      d.      Alternatively, NSU seeks a declaration that, should any copyright damages be due and owing, that the Court determine a nominal sum in accordance with the lower end of the statutory guidelines (i.e., $750) in light of the circumstances of this case;

      e.      An injunction against Freeplay Music from bringing any other copyright infringement claims against NSU that existed on the date of the Demand Letter;

      f.      Damages for Freeplay Music's violation of 15 U.S.C. §1125(a) per 15 U.S.C. §1117;

      g.      An award to NSU against Freeplay Music of such punitive damages as are appropriate in view of Freeplay Music's willful conduct and bad faith tactics;

      h.      An award to NSU of the costs of this action;

      i.      An award of reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 due to Freeplay Music's frivolous assertion of time-barred claims and malicious motive in using copyright damages as the basis for inflated monetary demands in connection with its false advertising scheme;

      j.      An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117 due to Freeplay Music's willfulness in the intent to deceive through its false advertising scheme;

      k.      Any such other and further relief as this Court deems just and proper.

[page intentionally left blank]

## JURY TRIAL DEMAND

Pursuant to Federal Rules 38 and 57, Plaintiff NSU demands a try by jury of all claims for which it has the right thereto.

Dated: September 19, 2025

Respectfully submitted,

| | |
|---|---|
| /Robert M. Schwartz/ | /Lee Anne LeBlanc/ |
| Robert M. Schwartz | Lee Anne LeBlanc |
| Florida Bar No. 304018 | Florida Bar No. 985414 |
| ROBERT M. SCHWARTZ, P.A. | LAW OFFICE OF LEE ANNE LEBLANC, P.A. |
| Attorney for Plaintiff | Attorney for Plaintiff |
| NOVA SOUTHEASTERN UNIVERSITY, INC. | NOVA SOUTHEASTERN UNIVERSITY, INC. |
| 2445 Hollywood Blvd. | 1722 Sheridan Street #222 |
| Hollywood, FL 33020 | Hollywood, FL 33020 |
| Telephone: (954) 924-0707 | Telephone: (954) 646-1175 |
| Facsimile: (954) 924-0717 | Facsimile: (954) 239-5769 |
| Email: litigation@patentmiami.com | Email: lal@theleblancfirm.com |